

# GLENN AGRE BERGMAN & FUENTES

L. Reid Skibell
rskibell@glennagre.com

1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1610

May 26, 2023

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Court Southern District of New York
500 Pearl Street, Courtroom 21A
New York, NY 10007

      Re:     *AMTAX Holdings 227, LLC v. CohnReznick LLP*, Case No. 1:23-cv-01124

Dear Judge Buchwald:

      I write on behalf of Plaintiff AMTAX Holdings 227, LLC ("AMTAX") in response to Your Honor's invitation to "explain [AMTAX's] position that the outcome of the Massachusetts Action is unlikely to have an impact on this litigation." (ECF #20, or the "Letter.") We appreciate the opportunity to address this matter and are available to answer any questions Your Honor may have.

      In the Letter, the Court appears to implicitly reference the five-factor test used by district courts to determine whether to enter a stay pending a decision by another federal court. *See Off-White LLC v. AEUNZN*, 2023 WL 199483, at *1 (S.D.N.Y. Jan. 17, 2023) (granting a stay pending a decision by the Second Circuit). Respectfully, we submit that the proper framework for considering whether to enter a stay in deference to the Massachusetts Action comes from *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

      The decision in *SST Global Technology, LLC v. Chapman*, 270 F.Supp.2d 444 (S.D.N.Y. 2003), is instructive on this issue. There, the Court decided that the five-factor test "does not apply . . . because the present case involves an application for a stay" on the basis of a concurrently pending state court action. *Id*. at 454-55. Instead, the Court decided that the decision "whether to stay proceedings in a federal action based on the existence of a concurrently pending state civil action, is governed by the principles of federal abstention doctrine" as articulated in *Colorado River*. *Id*. at 455. Other courts have reached the same conclusion.[1]

      In considering whether to enter a stay pursuant to the *Colorado River* doctrine, "the balance is heavily weighted in favor of the exercise of jurisdiction." *Mochary v. Bergstein*, 42 F.4th 80, 85 (2d Cir. 2022) (describing the six-factor test). "Where a federal court has subject matter jurisdiction, it has a 'virtually unflagging obligation to exercise that jurisdiction, even if an action

---

[1] *See, e.g.*, *Abrahami v. Meister Seeling & Fein LLP*, 2022 WL 2066480, at *8 (S.D.N.Y. June 8, 2022) (holding that the five-factor test is inapplicable when considering a stay in favor of a pending state court action); *Harris v. TD Ameritrade*, Inc., 2018 WL 1157802, at *5 (S.D.N.Y. Feb. 14, 2018) ("The Second Circuit has made it clear that the *Colorado River* doctrine governs motions to stay . . . where the basis of the motions is the pendency of a . . . concurrent state court case.").

**Glenn Agre Bergman & Fuentes LLP**
New York
San Francisco
glennagre.com

# GLENN AGRE BERGMAN & FUENTES 

concerning the same matter is pending in state court.'" *Id.*, at 88 (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986).

Under either framework, however, this case should not be stayed because the outcome of the Massachusetts Action will not substantively impact AMTAX's legal claims against CohnReznick.

To be sure, it is possible that the court in the Massachusetts Action will address whether CohnReznick correctly calculated the right of first refusal ("ROFR") price in the underlying contract. But AMTAX will have valid claims against CohnReznick regardless of whether or how the court resolves that issue. This case revolves around ***two completely irreconcilable sets of tax advice***: CohnReznick either provided erroneous tax advice to AMTAX for decades regarding the minimum gain the partnership at issue would realize upon a sale of the property (*see, e.g.*, Compl. ¶¶ 43-51, 57-61), or it performed a dishonest calculation of the ROFR price that was inconsistent with its prior advice, Section 42(i)(7) of the Internal Revenue Code, and related Treasury Regulations (*see, e.g.*, Compl. ¶¶ 69-83). Accordingly, if the proposed intervenor convinces the Massachusetts court that the ROFR price calculation was properly performed, then the necessary implication of that ruling would be that CohnReznick breached its fiduciary and professional duties related to the minimum gain advice it gave AMTAX in the preceding decades. Any decision in the Massachusetts Action will, at most, elucidate which of AMTAX's theories of liability is more compelling to a Massachusetts state court trial judge.

AMTAX's claims are also based on more than dishonest or grossly negligent tax advice. CohnReznick breached duties owed to AMTAX by agreeing to perform a secret ROFR calculation for the benefit of the partnership's general partner despite a plain conflict of interest. (*See, e.g.*, Compl. ¶ 84.) Irrespective of whether CohnReznick's ROFR calculation was performed correctly, its willingness to pick sides in a dispute between the partnership's two partners and to conceal that it had done so represent breaches of fiduciary duty. AMTAX should be allowed to pursue that legal claim.

Additionally, as a matter of the settled law of *res judicata*, the decision in the Massachusetts Action cannot impact CohnReznick's liability here because CohnReznick is neither a party to that action nor a party to the agreement at issue in that action. (*See* ECF #15, at 2.) Although the summary judgment ruling in the Massachusetts Action could conceivably contain analysis that is relevant to the issues in dispute here, it is just as likely that the court will decline to decide any issues related to this case. And, importantly, any decision that the court would make with respect to Section 42(i)(7) of the Internal Revenue Code and related Treasury Regulations would be entitled to minimal weight. It is for federal courts to decide how federal tax law should be interpreted, which is why AMTAX brought its case in this forum. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005) (holding that the meaning of a federal tax provision was "an important issue of federal law that sensibly belongs in a federal court").

In short, this action does not involve the type of "exceptional circumstances" that would justify a stay pending the outcome of a state court proceeding. *Gentes v. Osten*, 2022 WL 16984686, at *4 (2d Cir. Nov. 17, 2022). The case should be permitted to go forward so that AMTAX's legal claims against CohnReznick can be resolved without delay. *See Mochary*, 42

May 26, 2023
Page 2 of 3

# GLENN AGRE BERGMAN & FUENTES 

F.4th at 86 (overturning trial court's decision to abstain where state court action had no *res judicata* effect).[2]

       Thank you for your attention to this matter.

Respectfully submitted,

*/s/ L. Reid Skibell*
L. Reid Skibell

---

[2] While it is possible that the outcome of the Massachusetts Action will affect AMTAX's damages in this action, the precise measurement of damages would not be at issue here until much later stages of litigation.